IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| REACTION WASHER COMPANY, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>IDEPA, INC., a California corporation, and JOHANNES SCHNEEBERGER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION (DOC. NO. 76)**<br><br>Case No. 2:19-cv-00148-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Reaction Washer Company, LLC's ("RWC") Short Form Discovery Motion ("Mot.," Doc. No. 76). RWC seeks to compel Defendants IDEPA, Inc. ("IDEPA") and Johannes Schneeberger (collectively, the "IDEPA Defendants") to respond to RWC's Interrogatories Nos. 14 and 15 and Requests for Production Nos. 15 and 16, which request information and documents related to Mr. Schneeberger's patent applications. For the reasons set forth below, the court GRANTS the motion.[1]

## BACKGROUND

In this case, RWC asserts claims against Mr. Schneeberger and his company, IDEPA, arising from Mr. Schneeberger's alleged work as a patent agent for RWC and one of its consultants, John Davis. (Am. Compl., ¶¶ 12, 16–18, 46–47, Doc. No. 21.) RWC alleges Mr. Schneeberger improperly listed himself as a co-inventor on patent applications filed on behalf of

---

[1] Pursuant to Local Rules DUCivR 7-1(f) and 37-1(a)(7)(A), the court finds oral argument unnecessary and rules on the motion based on the parties' written memoranda and exhibits.

Mr. Davis beginning around 2014, which were later acquired by RWC.  (*Id.* ¶¶ 32–41.)  RWC

further alleges that after Mr. Schneeberger and IDEPA began providing patent services directly

to RWC in 2016, Mr. Schneeberger filed multiple secret patent applications relating to RWC

technology and listing himself as the inventor and/or applicant—a fact he failed to disclose to

RWC.  (*Id.* ¶¶ 46–47, 51–60.)  RWC asserts claims against the IDEPA Defendants for

declaratory judgment regarding ownership of the disputed patents, breach of fiduciary duties,

breach of contract, fraud, intentional interference with business relations, unjust enrichment, and

defamation.  (*Id.* ¶¶ 112–159.)

  RWC's Interrogatory No. 14 asks the IDEPA Defendants to "[i]dentify each patent

application (whether U.S., foreign or under the Patent Cooperation Treaty) listing Johannes

Schneeberger as an inventor and relating to reaction couplings including, but not limited to,

reaction socket tools and reaction washers."  (Ex. A. to Mot., Defs.' Answers to Pl.'s Second Set

of Interrogs. ("Answers to Interrogatories") 3, Doc. No. 76-1.)  RWC's Interrogatory No. 15 asks

the IDEPA Defendants to "[i]dentify all communications that occurred from January 2013 to the

present between Johannes Schneeberger and any third-party relating to (a) patents or patent

applications directed to reaction couplings including, but not limited to, reaction socket tools and

reaction washers, (b) John Davis, or (c) Reaction Washer."  (*Id.*)  RWC's Request for Production

No. 15 seeks "all documents relating to the prosecution histories for each patent application

identified in response to Interrogatory No. 14," and Request No. 16 seeks "all [d]ocuments

relating to each communication identified in response to Interrogatory No. 15."  (Ex. B. to Mot.,

Defs.' Answers to Pl.'s Second Set of Reqs. for Produc. of Docs. ("Answers to Requests for

Production") 3, Doc. No. 76-2.)

The IDEPA Defendants objected to these discovery requests, asserting they were overly broad, unduly burdensome, "not reasonably calculated to lead to the discovery of admissible evidence," and sought "confidential and proprietary information belonging to [D]efendants which is unrelated to this litigation."  (Ex. A. to Mot., Answers to Interrogatories 3, Doc. No. 76-1; Ex. B. to Mot., Answers to Requests for Production 3, Doc. No. 76-2.)  The IDEPA Defendants further objected to Interrogatory No. 15 and Request No. 16 on the basis that they were "cumulative and duplicative of other discovery already taken in this case."  (*Id.*)  The IDEPA Defendants did not produce the information or documents requested.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

RWC contends the discovery requests at issue ask the IDEPA Defendants to disclose patent applications that "are at the core of this dispute," along with related communications and documents.  (Mot. 2, Doc. No. 76.)  RWC asserts that "[o]ne of the key issues in this case is the ownership of these patent applications" which RWC alleges were secretly filed by Mr. Schneeberger based on RWC technology.  (*Id.*)  As RWC explains, it must request disclosure of those patent applications from Mr. Schneeberger because U.S. patent applications are kept in confidence by the Patent and Trademark Office.  (*Id.*)

In opposition, the IDEPA Defendants argue: (1) RWC's claims are limited to ownership of patents specifically identified in the Amended Complaint, and therefore RWC has no basis to inquire about other "anonymous" patents; (2) the scope of RWC's discovery requests should be limited based on a provision in RWC's Operating Agreement; and (3) the discovery requests

"intrude on [D]efendants' private business interests and intellectual property even though the parties are competitors." (Defs.' Opp'n to RWC's Short-Form Disc. Mot. ("Opp'n") 1–3, Doc. No 79.)

The court finds the discovery requests at issue are both relevant to RWC's claims and proportional to the needs of the case. The discovery requests seek disclosure of patent applications filed by Mr. Schneeberger related to technology RWC claims to own, along with related communications and documents. (Ex. A. to Mot., Answers to Interrogatories 3, Doc. No. 76-1; Ex. B. to Mot., Answers to Requests for Production 3, Doc. No. 76-2.) These patent applications are the subject of RWC's declaratory judgment claim regarding patent ownership. (Am. Compl. ¶¶ 111–121, Doc. No. 21.) Moreover, Mr. Schneeberger's alleged secret filing of these patent applications is the basis for RWC's claims for breach of fiduciary duties, breach of contract, fraud, intentional interference with business relations, and unjust enrichment. (*Id.* ¶¶ 122–159.) Thus, the discovery requests seek information and documents which are relevant and, indeed, central to RWC's claims.

Contrary to the IDEPA Defendants' argument, RWC's claims are not limited to the patent applications specifically identified by application number in the Amended Complaint. Rather, the Amended Complaint alleges Mr. Schneeberger filed secret patent applications relating to RWC technology which were not disclosed to RWC, and these "anonymous" patents explicitly form a basis for part of RWC's claims. (*See* Am. Compl. ¶ 58 (alleging Mr. Schneeberger secretly filed a patent application listing himself as the sole inventor in May 2017), ¶ 84 (alleging Mr. Schneeberger claimed to have additional patents he had not assigned to RWC), ¶¶ 100–101 (alleging the IDEPA Defendants filed an "anonymous" patent application in 2017 related to RWC products), ¶¶ 105–106 (alleging the IDEPA Defendants filed another

"anonymous" patent application in November 2018), ¶ 111 (defining the term "RWC's Patents," as used in RWC's causes of action, to include the anonymous patents), Doc. No. 21.)

      The court also rejects the IDEPA Defendants' argument that the scope of the discovery requests should be limited by RWC's Operating Agreement, which is attached as Exhibit 1 to their opposition.  (*See* Ex. 1 to Opp'n, Operating Agreement for The Reaction Washer Company, LLC ("Operating Agreement"), Doc. No. 79-1.)  The IDEPA Defendants point to a provision in the Operating Agreement stating that IDEPA "shall contribute patent and patent application prosecution services" in exchange for membership in RWC, and that such contributions "shall be exercised by the Members within one year of this agreement," which was dated May 12, 2016. (*Id.* at 2, 4.)  First, the IDEPA Defendants claim that because RWC did not "exercise those rights in the one-year period," it follows that "RWC's claim that [D]efendants acted as RWC's patent agent and that it owns any [intellectual property] is false."  (Opp'n 2, Doc. No. 79.)  To the extent the IDEPA Defendants dispute RWC's factual allegations or the merits of RWC's claims, such a dispute does not preclude RWC from pursuing discovery relevant to its claims.  The scope of discovery depends on the claims and defenses asserted in the operative pleadings, *see* Fed. R. Civ. P. 26(b)(1), and disputes about the merits of RWC's claims are not pertinent at this juncture. Second, the IDEPA Defendants argue any discovery regarding Mr. Schneeberger's patent applications should be limited to the one-year period following the date of the Operating Agreement.  (Opp'n 2, Doc. No. 79.)  However, RWC's claims encompass alleged misconduct by Mr. Schneeberger well beyond this period, and RWC is entitled to pursue discovery relevant to the full scope of its claims.  (*See* Am. Compl. ¶¶ 32–36 (alleging misrepresentations and omissions by Mr. Schneeberger related to 2014 patent applications), ¶¶ 51–60 (alleging "a scheme to defraud and falsely claim [] inventions" from 2016 to 2018), Doc. No. 21.)  In short,

the court is unpersuaded that the Operating Agreement is pertinent to the scope of the discovery or that it warrants any limitation of the requests at issue.

Finally, to the extent the IDEPA Defendants assert the disputed discovery requests seek confidential and proprietary information, they may designate their responses and responsive documents as confidential under the Standard Protective Order, to the extent appropriate for each response.  *See* DUCivR 26-2(a).

## **CONCLUSION**

For these reasons, the court GRANTS RWC's Short Form Discovery Motion (Doc. No. 76) and ORDERS the IDEPA Defendants to respond to Interrogatories Nos. 14 and 15 and to produce documents responsive to Requests for Production Nos. 15 and 16 within fourteen (14) days of the date of this order.

DATED this 14th day of August, 2020.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge