UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| REACTION WASHER COMPANY, LCC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>IDEPA, INC., a California corporation and JOHANNES SCHNEEBERGER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION GRANTING SCHNEEBERGER'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM (DOC. NO. 107)**<br><br>Case No. 2:19-cv-00148-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Johannes Schneeberger's Motion for Leave to File an Amended Answer and Counterclaim ("Mot.," Doc. No. 107). The court heard argument on the motion on April 26, 2021. (Doc. No. 136.) Having reviewed and considered the parties' briefs, supplemental authority, and oral argument, for the reasons set forth below the court GRANTS Mr. Schneeberger's Motion.

BACKGROUND

Reaction Washer Company, LLC ("RWC") brought this case seeking, among other things, declaratory relief relating to patent rights. (First Amend. Compl., Doc. No. 21.) Relevant to this motion are patent application 62/758,676 (the " '676 application") submitted to the United States Patent and Trademark Office ("PTO") by Mr. Schneeberger and patent application 16/673,269 (the " '269 application") submitted to the PTO by RWC. The parties dispute who owns the technology in the '676 and '269 patent application. (Mot. at 2, Doc. No. 107.) Attempting to settle this dispute, Mr. Schneeberger emailed RWC a copy of his '676 application

1

as part of a confidential settlement discussion.[1] (*Id.*) The court previously permitted the '676 application to be designated as confidential under the court's standard protective order ("SPO"). (*Id.*; *see also* Order Granting in Part and Den. in Part Defs.' Mot. to Maintain "Att'y's Eyes Only" Designation (ECF NO. 63); Doc. No. 67.)

Mr. Schneeberger contends the '269 application is an exact duplicate of the '676 application. (Mot. 2, Doc. No. 107.) RWC does not dispute that the '269 application is at least substantially similar to the '676 application. (*See* Pl.'s Opp'n to Def. Schneeberger's Mot. for Leave to File a Countercl. ("Opp'n") 3–4, Doc. No. 114.) The specific dispute at issue arose when RWC submitted the '269 application to the PTO and subsequently rescinded its previous non-publication request for the application. (Mot. 2; Doc. No. 107.) The effect of this is that the '269 application, which Mr. Schneeberger contends contains his intellectual property from the '676 application, became public. (*Id.* at 2–3.) Mr. Schneeberger alleges that where the '676 application is subject to the court's SPO and where the '269 application is a duplicate of the '676 application, the public filing of the '269 application violated the SPO.

Mr. Schneeberger originally filed a discovery motion for contempt due to this alleged violation. As a remedy, Mr. Schneeberger sought leave to amend his answer to include a counterclaim. (Defs.' [Short-Form] Disc. Mot. for Contempt; Doc. No. 98.) The court instructed Mr. Schneeberger to file a motion to amend complying with local rules and addressing

---

[1] The parties disputed at the hearing whether Mr. Schneeberger's disclosure during settlement discussions was confidential. However, this issue has already been decided. The court previously "reject[ed] RWC's argument that Mr. Schneeberger's July 2019 disclosure during settlement discussions of specifications and drawings from the provisional patent application waives confidentiality protection for those materials." (Order Granting in Part and Den. in Part Defs.' Mot. to Maintain "Att'y's Eyes Only" Designation (ECF NO. 63) 2; Doc. No. 67.)

2

the legal standards related to amending pleadings. (Doc. No. 103.) Mr. Schneeberger timely filed his motion to amend.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, after expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id*. A district court's decision to grant or deny leave to amend under Rule 15 falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207.

The purpose of this approach is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (internal quotation marks omitted). "If the underlying facts or circumstances relied upon [by the party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (internal quotation marks omitted).

Consistent with this purpose, it is within the court's discretion "to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. FTC*,

No. 2:19-cv-00963, 2020 U.S. Dist. LEXIS 129574, at *7 (D. Utah July 21, 2020) (unpublished); *see also Home Design Servs. v. Bohnenkamp Constr., Inc.*, No. 08-cv-02391, 2009 U.S. Dist. LEXIS 64047, at *4 (D. Colo. July 10, 2009) (unpublished) (granting motion to amend and noting the issues raised by defendants would be more appropriately resolved at other procedural junctures rather than denying plaintiff the opportunity to assert the claims). Particularly where futility arguments are duplicative of arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017).

## ANALYSIS

RWC opposes Mr. Schneeberger's motion solely based on futility, alleging Mr. Schneebergs' trade secret claims would fail because Mr. Schneeberger did not take reasonable measures to keep the '676 application secret.[2] (Opp'n. 6, Doc. No. 114.) Mr. Schneeberger responds, arguing he did take reasonable steps to ensure the patent application's secrecy. In addition, he asserts that RWC's futility argument fails to treat the allegations in the proposed

---

[2] RWC also argues Mr. Scheeberger does not establish good cause or excusable neglect to amend after the scheduling order's deadline to do so has expired. (Opp'n 4–5, Doc. No. 114.) This is incorrect. Mr. Schneeberger established good cause by showing the action on which he bases his motion (the publication of the '269 application) occurred in December of 2020. In light of this, RWC fails to show how Mr. Schneeberger could reasonably have complied with the scheduling order's February 8, 2020 deadline to amend pleadings. (*See* Mot. 2–3, Doc. No. 107; Amend. Scheduling Order, Doc. No. 74.)

4

amended complaint as true. (Schneeberger's Reply Mem. in Supp. of his Mot. for Leave to Amend 2, Doc. No. 127.)

In this case, the futility arguments would be more appropriately addressed in dispositive motions. Whether Mr. Schneeberger's actions constitute reasonable steps to maintain privacy is a dispute better suited for a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure or a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6) (permitting dismissal for failure to state a claim upon which relief can be granted); Fed. R. Civ. P. 56 (permitting judgment where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law). This is particularly true where, in its brief, RWC does not allege any undue delay, bad faith, or dilatory motive by Mr. Schneeberger, and does not assert it would suffer undue prejudice if the amendment were allowed.

At the hearing, RWC did attempt for the first time to argue Mr. Schneeberger's motion was unduly delayed. However, where RWC did not raise this argument in its briefing, it cannot properly or fairly be considered. *See Otero v. Comm'r, SSA*, 733 F. App'x 459, 459 n.1 (10th Cir. 2018) (unpublished) ("Oral argument is designed to flesh out the arguments presented in the briefs, not to create a forum for new arguments."); *ESIP Series 1 LLC, et al., v. doTerra Int'l*, No. 2:15-cv-00779, 2021 U.S. Dist. LEXIS 75046, at *15 (D. Utah Apr. 16, 2021) (unpublished) ("The court is generally reluctant to consider new arguments or positions introduced for the first time at oral argument where the opposing party is left without a meaningful opportunity to respond.")

Nevertheless, even if the court were to consider RWC's argument, Mr. Schneeberger's motion was not untimely. Although undue delay is one reason a court may deny a motion to

amend, "[l]ateness does not of itself justify the denial of the amendment." [3] *Minter*, 451 F.3d at 1205 (internal quotation marks omitted).  A finding of undue delay might be appropriate when parties belatedly seek to amend to "make the complaint a moving target," "to salvage a lost case by untimely suggestion of new theories of recovery," "to present 'theories seriatim' in an effort to avoid dismissal," and to "knowingly delay[] raising [an] issue until the 'eve of trial.'" *Id.* at 1206 (alterations in original) (internal quotation marks omitted).

No facts establish Mr. Schneeberger waited any real length of time to amend his answer after he learned the '269 application was made public.  RWC sent the recission letter to the PTO on August 28, 2020, causing the '269 application to become public on or about December 10, 2020.  (Mot. 2–3, Doc. No. 107.)  This date is the earliest Mr. Schneeberger could have filed his motion.  Approximately one month later, on January 15, 2021, Mr. Schneeberger filed a short form discovery motion for contempt, (Doc. No. 98), based on RWC's disclosure.  In this motion, he sought leave to amend his answer to assert a counterclaim.  The court instructed Mr. Schneeberger to file the pending motion to amend, and Mr. Schneeberger timely did so.  Because Mr. Schneeberger filed a motion with the court seeking to file a counterclaim one month after the disclosure, his motion to amend is not unduly delayed.  Moreover, there is no suggestion Mr.

---

[3] There is authority in the Tenth Circuit which appears contrary to this assertion.  *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend.").  However, *Minter* resolves this potential disagreement, clarifying that the distinction is between "delay" and "undue delay," such that delay on its own would not be an adequate basis to deny a motion to amend, whereas undue delay can be an adequate basis.  451 F.3d at 1205; *see also Bhandari v. VHA Sw. Cmty. Health Corp.*, No. CIV 09-0932, 2011 U.S. Dist. LEXIS 37700, at *115–16 n.14 (D.N.M. Mar. 30, 2011) (unpublished) (noting *Minter* clarifies the distinction between *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975), and *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

Schneeberger made this motion in bad faith or for an improper strategic purpose.

CONCLUSION

The court GRANTS Mr. Schneeberger's motion to amend (Doc. No. 107). Mr. Schneeberger shall file his counterclaim in the form found at Doc. No. 107-1 within seven (7) days of the date of this order.

DATED this 6th day of May, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge