THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| REACTION WASHER COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IDEPA, INC., and JOHANNES SCHNEEBERGER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [168] REACTION WASHER COMPANY, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00148-DBB<br><br>District Judge David Barlow |

Reaction Washer Co., LLC ("RWC") brought an action against IDEPA, Inc. and Johannes Schneeberger for declaratory judgment and money damages.[1] The Defendants brought counterclaims for trade secret misappropriation.[2] The court granted summary judgment to Defendants on RWC's claims.[3] Now, RWC moves for summary judgment on Defendants' counterclaims.[4] Because Defendants' counterclaims are barred by the parties' agreement, RWC's motion for summary judgment is GRANTED.

## BACKGROUND

In May 2016, John Davis, Mike Morley, Packer Morley, and Johannes Schneeberger created Reaction Washer Co., LLC.[5] The parties documented their respective responsibilities in

---

[1] *See* Amended Complaint, ECF No. 21 at 21.
[2] *See* Amended Counterclaim at ¶¶ 15–24, ECF No. 138, filed May 10, 2021.
[3] Memorandum Decision and Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment ("Memorandum Decision"), ECF No. 153, filed Sep. 7, 2021.
[4] *See* Reaction Washer Company, LLC's Motion for Summary Judgment ("Motion") at 1–2, ECF No. 168, filed Jan. 17, 2022.
[5] Operating Agreement at 2–13, ECF No. 168-3.

an operating agreement which provided that Spring Pointe, LLC (owned by the Morleys) would provide $250,000 for start-up costs; ME3, LLC (owned by Davis) would contribute expertise, business, goodwill, use of IP, and time; and IDEPA, Inc. (owned by Schneeberger) would contribute "patent and patent application prosecution services within the professional obligations of a US Patent Agent, use of IP, expertise, efforts and time."[6]

RWC operated smoothly until 2018, when relationships between Schneeberger and the other parties began to deteriorate in a dispute over intellectual property rights.[7] In November 2018, Schneeberger sold his interest in RWC to Mike Morley in an assignment of membership interest (the "assignment agreement").[8] The assignment agreement included a release clause that unconditionally released any claims or liabilities between IDEPA and RWC for "events that have occurred as of the date of this agreement" including those related or incidental to the partnership agreement.[9] A few days later, Schneeberger submitted application number 62/758,676 (the '676 Application) to the United States Patent and Trademark office.[10] The '676 Application dealt with reaction washer technology that was developed before the parties executed the assignment agreement.[11] RWC filed suit in March 2019, claiming that Schneeberger had breached his fiduciary duties as a patent agent and had improperly filed several patents without assigning them to RWC.[12]

---

[6] *Id.* at § 2.1.
[7] Schneeberger Decl. at ¶¶ 7–8, ECF No. 168-4.
[8] Assignment Agreement at 2–3, ECF No. 168-5.
[9] *Id.*
[10] *See* Electronic Acknowledgment of Receipt for '676 Application at 2, ECF No. 171-1.
[11] *See* Schneeberger Dep. at 152:1–5, ECF No. 170-2 (describing invention of elements of the '676 patent as having been developed over a several year period); Schneeberger Decl. at ¶ 3, ECF No. 177-1 ("Some critically enabling subject matter described in the '676 Patent Application was invented by me before RWC came into existence.").
[12] *See* Complaint, ECF No. 2, filed Mar. 4, 2019.

On September 7, 2021, the court granted summary judgment to the Defendants on the basis that five of RWC's claims were barred by the assignment agreement and that the remaining three claims were unsupported by evidence.[13] The remaining claims before the court are Defendants' two counterclaims for trade secret misappropriation under federal and Utah state law.[14] RWC now moves for summary judgment on both claims.[15]

## STANDARD

A court grants summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[16] Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of any party."[17] The moving party is also entitled to summary judgment if "the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[18] Both evidence and reasonable inferences drawn from that evidence are construed in the light most favorable to the nonmovant.[19]

## DISCUSSION

Resolution of RWC's motion for summary judgment depends on whether the assignment agreement bars the Defendants from bringing their counterclaims. The release clause reads:

> Assignor [IDEPA], . . . the assignee [Morley] as well as the LLC [RWC], . . . hereby irrevocably and unconditionally release, acquit and forever discharge mutually each other from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected . . . which Assignor, Assignee as well as the LLC and/or its representatives at any time

---

[13] *See* Memorandum Decision, ECF No. 153.
[14] *See* Amended Counterclaim at ¶¶ 15–24.
[15] *See* Motion at 1–2.
[16] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[19] *Scott v. Harris*, 550 U.S. 372, 378 (2007).

> heretofore had or claimed to have or which Assigner, Assignee as well as the LLC and/or its representatives may have or claimed to have regarding *events that have occurred as of the date of this agreement, including, without limitation, any and all claims related or in any manner incidental to the Partnership Agreement.*[20]

The Defendants bring federal and state law counterclaims for trade secret misappropriation under 18 U.S.C. § 1836(b)(1) and Utah Code Ann. §§ 13-24-3, 4 with respect to the '676 Application.[21] As a predicate to those claims, Defendants allege that "the intellectual property described in the '676 Application belongs to Schneeberger and constitutes a trade secret" under federal and Utah law.[22]

In this case, the court has already determined that "[b]y the plain language of the operating agreement and the assignment agreement, any disputes involving the patents and patent applications that developed over the course of [Schneeberger and IDEPA's] involvement with RWC are foreclosed by the release clause."[23] Disputes regarding the ownership of technology developed prior to and over the course of the parties' business dealings are barred by the assignment agreement because such disputes are related to or incidental to RWC's operating agreement and regard an event, the development of the technology, that occurred before or as of the date of the assignment agreement. Although Schneeberger did not file the '676 patent application until days after the execution of the assignment agreement, essential to the counterclaims is a finding that Schneeberger owns the intellectual property in the '676 application, which was developed before the parties executed the assignment agreement.[24]

---

[20] Assignment Agreement at 2 (emphasis added). The text of the release and the assignment agreement refers to a "Partnership Agreement." This is unmistakably a reference to the RWC operating agreement.
[21] Amended Counterclaim at ¶¶ 15–24.
[22] *Id.* ¶¶ 16, 21.
[23] Memorandum Decision at 7.
[24] *See* Motion at 3; IDEPA's Opposition to RWC's Motion for Sumary Judgment ("Opposition") at 4, ECF No. 177, filed Feb. 14, 2022. In their response to RWC's statement of undisputed material facts, the Defendants do not

Defendants' counterclaims for trade secret misappropriation are, at their heart, disputes about who owns the intellectual property that was developed before the date of the agreement and which were related or incidental to the agreement—disputes that are barred by the assignment agreement.[25] As such, the broad language of the assignment agreement precludes the Defendants from bringing their counterclaims.

Defendants argue that summary judgment is inappropriate because the court's previous order only held that RWC had released its claim of ownership of the '676 Application and that now Schneeberger is the undisputed owner of the application.[26] But the court's previous decision did not make either finding. Instead, it held that the parties had released all claims against one another for events that occurred prior to the assignment agreement, including those that were related or in any manner incidental to their operating agreement, which includes disputes involving the ownership of the technology in the '676 application.[27] Thus, all parties, not just RWC, released their claims against each other.

---

dispute that the technology in the '676 Application was developed before the parties executed the assignment agreement. *Id.*; Schneeberger Dep. at 152:1–5, ECF No. 170-2; Schneeberger Decl. at ¶ 3, ECF No. 177-1 ("Some critically enabling subject matter described in the '676 Patent Application was invented by me before RWC came into existence.").

[25] Memorandum Decision at 7.
[26] Opposition at 12–13.
[27] Memorandum Decision at 7–9.

## ORDER

For the reasons stated above, RWC's Motion for Summary Judgment is GRANTED.

Signed March 29, 2022.

                      BY THE COURT

                      David Barlow
                      United States District Judge